# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Harry Maddox III, | Case No. 20-cv-0645 (SRN/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Josh Sather, RN-Nurse, Chisago Jail; Sgt. Lucas Anderson, Chisago County Jail, Badge No. 1358; Sgt. Richard Benson, Chisago County Jail, Badge No. 1343; John Grey, Assist-admin, Chisago County Jail, Badge No. 1348; Tracy Armistead, Captain, Chisago County Jail, Badge No. 1015; Sarah Johnson, Inspection and Enforcement Unit, MN Department of Corrections; Sandi Lehman, Regional Nurse Manager (ACH) Advanced Correctional Healthcare; Matthew J. Meskan, Assistant Regional Nurse Manager (ACH) Advanced Correctional Healthcare; Gunnar Erickson, M.D. Ophthalmology: Total Eye Care; Michael Eichler, M.D. Ophthalmology: Total Eye Care; Ebenezer Tope Adebara, M.D. Fairview Lakes Emergency Department; Kathleen E. Karnowski, Court Administrator; Hon. Judge Suzanne Bollman, Judge of Chisago District Court; and Jacob Devermeyer, Intake Officer, Chisago County Jail, Badge NO. 1327, | |
| Defendants. | |

Plaintiff Harry Maddox III was previously detained at the Chisago County Jail.

Maddox alleges that he was denied medical care and discriminated against while at the

1

jail, and he seeks both monetary and injunctive relief from jail officials, medical professionals, and other individuals whom Maddox believes to have acted unlawfully.

This matter is before the Court on Maddox's application to proceed *in forma pauperis* ("IFP"). (*See* Doc. No. 2.) After review, this Court concludes that Maddox qualifies financially for IFP status. Moreover, although Maddox is a prisoner within the meaning of 28 U.S.C. § 1915(h), the financial information submitted by Maddox establishes that he has "no assets and no means" by which to pay an initial partial filing fee in this matter, 28 U.S.C. § 1915(b)(4). Accordingly, that requirement will be waived, and Maddox's IFP application will be granted by separate order. The $350.00 filing fee for this action remains due and must be paid by Maddox in installments over time, consistent with § 1915(b).

All that said, an action (or any part of an action) will be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level. . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched

2

as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As explained above, Maddox's IFP application will be granted and this matter will be permitted to proceed against seven of the defendants named in their personal capacities: John Sather, Lucas Anderson, Richard Benson, Sandi Lehman, Matthew J. Meskan, Gunnar Erickson, and Michael Eichler. By contrast, no viable claim for relief has been pleaded against the other seven defendants named to this action in their personal capacities: John Grey, Tracy Armistead, Sarah Johnson, Ebenezer Tope Adebara, Kathleen E. Karnowski, Judge Suzanne Bollman, and Jacob Devermeyer. For the reasons explained below, it will therefore be recommended that those defendants be dismissed from this action. Further, Maddox has not stated a viable claim for relief against any of the defendants named in their official capacities. Accordingly, it will be recommended that each of the defendants be dismissed from this action in their official capacities.

Defendants Grey and Armistead are alleged by Maddox to be jail officials responsible for responding to prisoner grievances. (*See* Compl. at 9–10 [Doc. No. 1].) The allegations raised against Grey and Armistead are vague, but it appears that Maddox has included those officials in this action on the grounds that they did not take adequate measures in response to his complaints of misconduct by other jail officials. (*Id.*) But the denial of grievances, taken alone, does not amount to a substantive constitutional violation. *See, e.g.*, *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002). Neither Grey

3

nor Armistead are alleged to have themselves committed any unlawful conduct; those defendants should therefore be dismissed from this action in their personal capacities.

The allegations raised against defendant Johnson are similarly vague. It appears that Maddox filed a formal complaint regarding his treatment at the Chisago County Jail with Johnson, who works for the Inspection and Enforcement Unit of the Minnesota Department of Corrections. (*See* Compl. at 10; Compl. Ex. at 9 [Doc. No. 1-1].) Johnson's involvement in this matter was limited to informing Maddox (1) that the grievance process at the Chisago County Jail appeared to be constitutionally adequate, and (2) that the jail officials were not employees of the Department of Corrections and that she therefore had limited powers to review the jail officials' substantive actions at issue. (*Id*.) Maddox takes issue with Johnson's conclusion, but nowhere has he plausibly alleged how it is wrong, much less how it amounts to an independent violation of his constitutional rights. The pleading does not contain a plausible basis upon which Maddox may proceed against Johnson in her personal capacity.

The lone allegation raised as to defendant Devermeyer appears at the very end of the complaint, where Maddox alleges that Devermeyer failed to provide jail nurses with information about Maddox's pre-existing medical conditions following intake to the jail. (*See* Compl. at 14.) Even accepting this allegation as true, it is unclear why Maddox believes Devermeyer's actions to have amounted to a violation of the law. More factual support is needed to sustain a claim against Devermeyer.

The factual allegations against Adebara, a doctor of the Fairview Lakes Emergency Department, are similarly sketchy. According to Maddox, Adebara "refused

4

to take" his statement regarding mistreatment at the Chisago County Jail and did not mention Maddox's high blood pressure on his medical report. (Compl. at 12.) But it is unclear why Maddox believes he was harmed by either of these actions, much less how either action was unlawful. There is simply no basis for relief pleaded as to Adebara.

Maddox lastly seeks relief from two state court officials: Kathleen E. Karnowski, a court administrator; and Judge Suzanne Bollman, who presides over certain of Maddox's ongoing criminal proceedings. The claims against the officials differ somewhat. Maddox contends that Karnowski has denied his access to the courts by returning certain pro se documents he attempted to file with the court while acting pro se. (*See* Compl. at 12; Compl. Ex. at 12.) "Actual injury" is an essential element of access-to-the-courts claims, *Lewis v. Casey*, 518 U.S. 343, 348–49 (1996), and Maddox does not present factual allegations establishing this element. Indeed, as the exhibit submitted by Maddox makes clear, he was not precluded from filing documents altogether, but only from doing so in a manner inconsistent with the Minnesota Rules of Civil Procedure. (*See* Compl. Ex. at 12.) *Enervations, Inc. v. Minnesota Mining and Mfg. Co.*, 380 F.3d 1066, 1068–69 (8th Cir. 2004) (permitting court to examine documents necessarily encompassed by the pleading in reviewing complaint for failure to state a claim on which relief may be granted). A demand to submit documents in a different format does not amount to a constitutional deprivation of access to the courts.

Maddox seeks relief from Judge Bollman resulting from her denial of a request for a medical furlough. To the extent that Maddox seeks monetary relief from Bollman in her personal capacity, (*see* Compl. at 1 (naming all defendants in personal and official

capacities)), Bollman is immune from suit due to her role as judicial officer. *See, e.g.*, *Stump v. Sparkman*, 435 U.S. 349 (1978). This immunity does not extend to claims for prospective injunctive relief brought against judges in their official capacities. *See Pulliam v. Allen*, 466 U.S. 522, 542-44 (1984). Nevertheless, this Court recommends dismissal of the claim brought against Bollman in her official capacity. To begin, the claim for prospective relief against Bollman appears to have become moot; Maddox is in the custody of the Minnesota Department of Corrections, and the commissioner of the Minnesota Department of Corrections is invested with sole authority to grant medical furloughs to prisoners in his or her custody. *See* Minn. Stat. § 244.07. Second, even if Judge Bollman retained the authority to authorize a furlough, the defendants remaining in this action have an independent obligation under the constitution to afford Maddox the required medical care. Federal courts are generally required to avoid the unnecessary imposition of injunctive relief on state judicial officials "as a matter of comity and federalism, independent of principles of judicial immunity," where alternative remedies are available. *Pulliam*, 466 U.S. at 539. If Maddox's ongoing medical care is constitutionally deficient, that injury can be remedied through the granting of injunctive relief against defendants other than Judge Bollman. Accordingly, it is recommended that Bollman be dismissed from this action in her official capacity as well. Maddox's motion for a preliminary injunction [Doc. No. 5], which is brought solely as to Bollman, may be denied on the same basis.

The other defendants, like Bollman, are also sued by Maddox in their official capacities. The relief sought by Maddox against those defendants, however, is primarily

monetary, not injunctive.  (*See* Compl. at 13–14.)  The state officials are immune from claims for monetary relief brought against them in their official capacities.  *See Dover Elevator Co. v. Arkansas State University*, 64 F.3d 442, 447 (8th Cir. 1995).  And while the county officials are not similarly immune, Maddox has not presented allegations demonstrating a county policy or custom of misconduct sufficient to state a claim under *Monell v. Dep't of Social Services*, 436 U.S. 658 (1978).  Put another way, the misconduct alleged by Maddox in the complaint is the misconduct of *individuals*, not the misconduct of the *county itself*.  Monetary relief is not available from the county on such claims.

Finally, although Maddox does request other injunctive relief from the remaining defendants in their official capacities, that relief is sought not as a remedy for the alleged misconduct, but to prevent the officials from destroying or otherwise tampering with evidence.  (*See* Compl. at 7.)  But the defendants have a duty to retain evidence and otherwise cooperate with discovery requests separate and apart from any injunction this Court might issue.  *See, e.g.*, Fed. R. Civ. P. 37.  Maddox has not plausibly alleged any particularized reason for believing that defendants to this action are likely to commit misconduct with respect to documents or other materials relevant to this lawsuit.  Accordingly, it is recommended that all claims brought against the defendants in their official capacities be dismissed without prejudice also.

Based on the foregoing, and on all of the files, records, and proceedings herein**, IT IS HEREBY RECOMMENDED THAT**:

1. All claims brought against the defendants in their official capacities as agents of the State of Minnesota or County of Chisago be **DISMISSED WITHOUT PREJUDICE** from this action.

2. Defendants John Grey, Tracy Armistead, Sarah Johnson, Ebenezer Tope Adebara, Kathleen E. Karnowski, Judge Suzanne Bollman, and Jacob Devermeyer be **DISMISSED WITHOUT PREJUDICE** from this action.

3. The motion for a preliminary injunction [Doc. No. 5] be **DENIED**.

Dated: June 10, 2020

s/ *Hildy Bowbeer*
HILDY BOWBEER
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).