## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Harry Maddox III,<br><br>  Plaintiff,<br><br>v.<br><br>Josh Sather, RN-Nurse, Chisago Jail; Sgt. Lucas Anderson, Chisago County Jail, Badge No. 1358; Sgt. Richard Benson, Chisago County Jail, Badge No. 1343; John Grey, Assist-admin, Chisago County Jail, Badge No. 1348; Tracy Armistead, Captain, Chisago County Jail, Badge No. 1015; Sarah Johnson, Inspection and Enforcement Unit, MN Department of Corrections; Sandi Lehman, Regional Nurse Manager (ACH) Advanced Correctional Healthcare; Matthew J. Meskan, Assistant Regional Nurse Manager (ACH) Advanced Correctional Healthcare; Gunnar Erickson, M.D. Ophthalmology: Total Eye Care; Michael Eichler, M.D. Ophthalmology: Total Eye Care; Ebenezer Tope Adebara, M.D. Fairview Lakes Emergency Department; Kathleen E. Karnowski, Court Administrator; Hon. Judge Suzanne Bollman, Judge of Chisago District Court; and Jacob Devermeyer, Intake Officer, Chisago County Jail, Badge NO. 1327,<br><br>  Defendants. | Case No. 20-cv-0645 (SRN/HB)<br><br>**ORDER ON OBJECTION TO REPORT AND RECOMMENDATION** |

Harry Maddox III, General Delivery, St. Paul, MN 55105, Pro Se.

Richard J. Thomas and Christopher G. Angell, Burke & Thomas PLLP, 3900 Northwoods Drive, Suite 200, Arden Hills, MN 55112, for Defendants Gunnar Erickson and Michael Eichler.

Sarah M. Hoffman and Jonathan P. Norrie, Bassford Remele, 100 South 5th Street, Suite 1500 Minneapolis, MN 55402, for Defendants Sandi Lehman, Josh Cather, and Matthew J. Meskan.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Harry Maddox III's Objection ("Objection" [Doc. No. 15]) to Magistrate Judge Bowbeer's June 10, 2020 Report and Recommendation ("R&R" [Doc. No. 11]). In the R&R, Magistrate Judge Bowbeer recommended that all claims brought pursuant to 42 U.S.C. § 1983 by Maddox against Defendants in their official capacities, as well as his claims against some of the Defendants in their personal capacities, be dismissed. For the foregoing reasons, the Court overrules Maddox's Objection, adopts the R&R in full, and dismisses certain claims as set forth below.

## I.   BACKGROUND

### A.   Maddox's incarceration and § 1983 complaint

Maddox was previously held at the Chisago County Jail and the allegations in his Complaint arise from his detention there. On March 2, 2020, Maddox filed a complaint with this Court, alleging violations of his civil rights under 42 U.S.C. § 1983. ("Complaint" [Doc. No. 1]. The first page of Maddox's Complaint lists seven Defendants, and additional Defendants' names are listed on an attachment to the Complaint. (*See id.* at 1, 7.) In all,

Maddox identifies the following individuals as Defendants: John Sather, Lucas Anderson, Richard Benson, John Grey, Tracy Armistead, Sara Johnson, Sandi Lehman, Mathew Meskan, Gunnar Erickson, Michael Eichler, Ebenezer Tope Adebara, Kathleen Karnowski, Judge Suzanne Bollman, and Jacob Devermeyer. (*Id.*)  The claims are brought against all Defendants in their personal and official capacities. (*Id.* at 1).  Maddox seeks monetary compensation against each Defendant, except for Judge Bollman, against whom he seeks only injunctive relief.  (*Id.* at 13–14.)  Maddox also asks this Court to order the preservation of his medical records at two private health care facilities, as well as his medical records held by the city of Chisago, and the Chisago County Jail. (*Id.* at 5.)

Maddox's claims primarily deal with the alleged denial of medical care during his detention.  Broadly speaking, Maddox maintains that an illness led to an infection in both of his eyes, which was ignored and mistreated by jail officials and medical workers, resulting in some degree of lasting harm. (*See id.* at 8).  Defendants are primarily jail officers or health-care workers, with the exception of Judge Bollman of the Chisago County District Court, and Kathleen Karnowski, who is identified as a court administrator in Chisago County.  Maddox maintains that he was intentionally mistreated, that his complaints were ignored, and that his suffering was the product of deliberate indifference and possibly racial animus.  (*See, e.g.*, *id.*)

As to the judicial officials included in his complaint, Maddox alleges that Ms. Karnowski denied him access to the court by screening and returning letters, which he characterizes as "pro se briefs." (*Id.* at 12.)  It is not clear if these letters relate to the instant claims, or a previous matter involving Maddox and the Chisago District Court.  As to Judge

3

Bollman, Maddox seeks injunctive relief, asking this Court to require Judge Bollman to grant him a medical furlough to seek care for his eye condition. (*Id.*)

After filing his complaint, Maddox applied to proceed in forma pauperis ("IFP"). (*See* Doc. No. 2.)

### B.   Magistrate Judge Bowbeer's Report and Recommendation

On June 11, 2020, Magistrate Judge Bowbeer issued her R&R, granting Maddox's IFP request and recommending the dismissal of two sets of claims: first, those brought against all of the Defendants in their official capacities, and second, any claims brought against John Grey, Tracy Armistead, Sarah Johnson, Ebenezer Tope Adebara, Kathleen E. Karnowski, Judge Suzanne Bollman, and Jacob Devermeyer in their personal capacities. (*See* R&R at 8.). Magistrate Judge Bowbeer also denied Maddox's request for injunctive relief, that various entities be ordered to preserve medical records. (*Id.*) The magistrate judge noted that Defendants have a duty to retain evidence and cooperate with discovery requests, making injunctive relief unnecessary. (*Id.*) Finally, Magistrate Judge Bowbeer recommended that claims brought against John Sather, Lucas Anderson, Richard Benson, Sandi Lehman, Matthew Meskan, Gunnar Erickson, and Michael Eichler in their personal capacities be permitted to proceed. (*Id.* at 3).

In recommending the dismissal of the first sets of claims, Magistrate Judge Bowbeer noted the existence of legal precedent barring monetary claims, like those made by Maddox, brought against state officials in their official capacities and found that Maddox had similarly failed to plead a cognizable claim against the county officials because he had not articulated

any argument that he was harmed by official misconduct, rather than individual misconduct. (*Id.* at 6–7.)

In recommending the dismissal of the set of claims against some defendants in their personal capacities, Magistrate Judge Bowbeer made individual assessments concerning the viability of Maddox's claims. With regard to Grey and Armistead, both identified as jail officials, Magistrate Judge Bowbeer found that Maddox's assertions—that each had failed to address his formal grievances—did not amount to substantive constitutional violations. (*Id.* at 3–4.) Magistrate Judge Bowbeer found that the claims against Johnson, similarly, could not be sustained because Maddox's entire claim against her appeared to describe lawful conduct and communications, plainly within her administrative remit. (*Id.*) Next, Magistrate Judge Bowbeer determined that the allegations made against Devermeyer— concerning the jail intake officer's alleged failure to share Maddox's medical information with nurses—did not amount to a violation of any law. (*Id.*) Similarly, Magistrate Judge Bowbeer recommended the dismissal of claims against Dr. Adebara, identified as an emergency-room doctor at the Fairview Lakes Hospital, because Maddox's allegations concerning Dr. Adebara's conduct in treating him and preparing his medical report did not plausibly allege any violation of his rights. (*Id.* at 4–5.)

As to Maddox's claims against the judicial officers, Magistrate Judge Bowbeer recommended the dismissal of claims against Karnowski because her actions, as alleged in the Complaint, comported with standard practices and the Rules of Civil Procedure and therefore could not have injured Maddox in any legally cognizable way. (*Id. at 5.*) Finally, Magistrate Judge Bowbeer noted that Judge Bollman was simply immune to any claim

seeking monetary damages against her. (*Id.* at 5–6.) And while Maddox's request for an injunction forcing Judge Bollman to grant him a medical furlough from his detention at the Chisago County Jail was not barred as a matter of law, the matter was moot because he was no longer held there, and even if he was, the matter was not properly before a federal court while numerous state-level remedies existed. (*Id.* at 6.)

### C. Maddox's Objection

On June 18, 2020, Maddox filed the instant Objection to Magistrate Judge Bowbeer's R&R. The Objection is confined to a single hand-written page and focuses on Magistrate Judge Bowbeer's recommendation for the dismissal of claims against Sather, Lehman, and Meskan in their official capacities. (*See* Objection at 1). The Objection is somewhat difficult to understand, but appears to advance new claims about the conduct of these three individuals. (*Id.*) Maddox asserts that Sather's last name is, in fact, Cather, and that Cather deliberately withheld his "real name" from Maddox, a fact that was known to, and also concealed by, Lehman and Meskan.[1] (*Id.*) Maddox maintains that "this fact alone implicates the three in their official capacities." (*Id.* (nonconventional punctuation and grammar omitted from original).) He also reiterates his core complaint that he has suffered damage to his vision due to Defendants' actions. (*Id.*).

---

[1] The Court notes that Maddox has provided an exhibit attached to his Objection listing a "Josh Cather RN" on an apparent official record from the Chisago County Jail. (*See* Objection Exhibit 1-A [Doc. No. 15-1] at 1.) The Court makes no finding at this time as to whether the defendant known as Josh Sather is, in fact, Josh Cather. For purposes of this Order, the Court will continue to refer to the individual as Sather, consistent with the spelling used previously in this lawsuit.

6

## II. DISCUSSION

The Court first notes that Maddox does not appear to contest Magistrate Judge Bowbeer's recommendation to dismiss the claims brought against John Grey, Tracy Armistead, Sarah Johnson, Ebenezer Tope Adebara, Kathleen E. Karnowski, Judge Suzanne Bollman, and Jacob Devermeyer in their personal capacities. Maddox does object to Magitrate Judge Bowbeer's recommendation to dismiss the claims against defendants employed by the State of Minnesota or Chisago County in their official capacities, although in objecting to the R&R, Maddox limits the substance of that objection to the dismissal of charges against Josh Sather, Sandi Lehman, and Mathew Meskan. (*See id.* at 1 (framing the objection to the recommendation to dismiss "namely" as it pertains to Sather, Lehman, and Meskan).)

The district court conducts a de novo review of a magistrate judge's recommendations on a dispositive matter to which specific objections have been made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). The Court also must liberally construe a pro se petition, such as that brought by Maddox in his Objection. *See, e.g.*, *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). In light of Maddox's pro se status, the Court will review Magistrate Judge Bowbeer's recommendation to dismiss all of the official capacity claims brought against the state and county Defendants, and not merely the dismissal of those claims brought against Sather, Lehman, and Meskan.

### A. Legal Standard

In a suit brought by an IFP plaintiff, the Court will dismiss any claim upon which it determines relief cannot be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam) (discussing the statute's implementation). When determining whether to dismiss a claim, the Court assumes the facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the plaintiff. *Liscomb v. Boyce*, 954 F.3d 1151, 1153 (8th Cir. 2020). To survive dismissal, a "complaint must contain facts that, if 'accepted as true, ... state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). Although factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level. . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court construes pro se complaints liberally, but the complaint nonetheless must allege sufficient facts to support its claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### B. Dismissal of All Claims Against State and County Defendants in Their Official Capacities

The Eleventh Amendment provides immunity against damages claims against state employees in their official capacities. *Reid v. Griffin*, 808 F.3d 1191 (8th Cir. 2015) (citing *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir.1997)). This plainly forecloses such a claim against Sarah Johnson, an employee of the Minnesota Department of Corrections. Similarly, absolute judicial immunity is extended to court officials other than judges for official acts that are discretionary, taken at the direction of a judge, or taken according to

8

court rules. *Hamilton v. City of Hayti, Missouri*, 948 F.3d 921, 928 (8th Cir. 2020); *see also Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436, 113 S. Ct. 2167, 2171, 124 L. Ed. 2d 391 (1993) ("When judicial immunity is extended to officials other than judges, it is because … they, too, exercise a discretionary judgment as a part of their function) (internal quotations omitted). Kathleen Karnowski's actions with regard to correspondence received by Maddox clearly fall within the discretionary scope of her position, and indeed comport with the Minnesota Rules of Civil Procedure. (*See* Karnowski correspondence with Maddox, Complaint Exhibit 11-X (Doc. No. 1-1) at 12.) Maddox's claim for monetary damages against Karnowski in her official capacity therefore must also be dismissed.

The remaining official-capacity claims are against county officials and therefore not foreclosed by immunity.[2] However, these individuals may be sued in their official capacity only if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that [municipality's] officers." *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 (1978).

---

[2] The Court notes that Maddox has sued all Defendants in their official capacities, including several medical professionals, who appear to be primarily employed by private healthcare facilities. Because Plaintiff's allegations concern medical treatment that he received while he was incarcerated or jailed, the Court assumes that these medical professionals were working under contract with the state or county to provide medical services to inmates. As such, they would be subject to liability under § 1983 when undertaking their medical duties in treating inmates. *See West v. Atkins*, 487 U.S. 42, 54 (1988). To the extent that they were acting as agents of the county, however, the Court finds that Maddox's allegations against them, like his claims against the county jail officers, describe only the actions of individuals. To the extent that any of these Defendants were acting as agents of the state of Minnesota, they would enjoy immunity against claims brought against them in their official capacities. In either event, Maddox's official-capacity claims against these Defendants fail.

9

As the R&R aptly notes, Maddox fails to allege, let alone provide for a credible inference of a policy or official pattern guiding the behavior of any Defendant named in his suit. Maddox's allegations concern the acts of individuals. Whether or not any of these acts arises to the level of misconduct necessary to sustain a personal-capacity suit, there is simply no basis to allow these claims to continue against the county employees in their official capacities.

To the extent that Maddox has raised new allegations in his Objection against Sather, Lehman, and Meskan, these, too, fail to articulate conduct that can be plausibly ascribed to official policy or procedure. Maddox's assertion that Sather deliberately provided him with a misspelling of his name would, at worst, amount to individual misconduct. Perhaps in an attempt to show a broader conspiracy, Maddox accuses Lehman and Meskan of also being aware of Sather's alleged deception. But this claim is entirely unsubstantiated, and even if it were true, would not create a reasonable inference of an official jail policy or practice of providing false names to inmates for a nefarious purpose.

### C. Other recommendations

As noted previously, this Court's de novo review of the R&R is limited to those portions against which objections are made. Maddox has not objected to Magistrate Judge Bowbeer's recommendation to dismiss claims made against John Grey, Tracy Armistead, Sarah Johnson, Ebenezer Tope Adebara, Kathleen E. Karnowski, Judge Suzanne Bollman, and Jacob Devermeyer in their personal capacities. Nor has he acknowledged Magistrate Judge Bowbeer's recommendation to deny his request for an injunction ordering the

preservation of certain medical records. The Court therefore adopts these recommendations and will only briefly explain its decision.

The Court finds that the R&R's treatment of Maddox's claims against this group of Defendants is thorough and well-reasoned. Put simply, none of the conduct ascribed to these individuals in Maddox's Complaint amounts to a violation of law, let alone a violation of his substantive constitutional rights. Moreover, as the R&R rightfully points out, some of Maddox's claims against these Defendants are absolutely foreclosed. (*See* R&R at 5 (discussing claims against Judge Bollman).) As to the recommendation to deny Maddox's request for an injunction, the Court is equally satisfied with the R&R's conclusion that Maddox's medical records are already subject to retention requirements and that he has not expressed any credible reason to believe that an order is necessary to protect them.

### III.  CONCLUSION

Based on the submission and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Plaintiff Harry Maddox III's Objection [Doc. No. 15] to Magistrate Judge Hildy Bowbeer's June 10, 2020 Report and Recommendation is **OVERRULED**;

2. The June 10, 2020 Report and Recommendation [Doc. No. 11] is **AFFIRMED** and **ADOPTED** as set forth above;

3. All claims brought against the Defendants in their official capacities as agents of the State of Minnesota or County of Chisago are **DISMISSED WITHOUT PREJUDICE** from this action;

4. Defendants John Grey, Tracy Armistead, Sarah Johnson, Ebenezer Tope Adebara, Kathleen E. Karnowski, Judge Suzanne Bollman, and Jacob Devermeyer are **DISMISSED WITHOUT PREJUDICE** from this action; and

5. The Motion for a Preliminary Injunction is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 23, 2020           s/Susan Richard Nelson
                                    SUSAN RICHARD NELSON
                                    United States District Judge